**Rory RANDALL, Plaintiff—Appellant,**

v.

**CODMAN AND SHURTLEFF, INC.; Johnson & Johnson Professional, Inc.; and Does 1 through 20, inclusive, Defendants—Appellees.**

No. 00–56842.

D.C. No. CV–99–00238–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided March 6, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM \*

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review the district court's grant of summary judgment de novo.[1] Viewing the evidence in the light most favorable to the appellant, we must determine whether any genuine issues of material fact exist and whether the district court correctly applied the law.[2] We review the district court's denial of appellant's motion to alter or amend for abuse of discretion.[3]

The district court correctly granted the defendants' motion for summary judgment. Randall pointed to nothing that suggests Foldvari or Collins knew, or had reason to know, at the time they made the alleged promises, that their promises would not be performed. Accordingly, the district court properly granted summary judgment as to Randall's claim for promissory fraud.

The district court also correctly held that the alleged pre-hire oral statements were too vague to be enforceable and that the personnel policies and procedures did not create an employment contract with termination only for cause.[4] We conclude that the post-hire statements, when viewed in the light most favorable to Randall, suggest only that his tenure with the com-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001).

2. *Id.*

3. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001).

4. *See Ladas v. Cal. State Auto. Assoc.*, 19 Cal. App.4th 761, 770, 23 Cal.Rptr.2d 810 (1993).

pany was expected to last for at least one year from early 1994, which it did.[5] Accordingly, even absent the letter-contract, we would affirm the district court's grant of summary judgment on the implied-in-fact contract claims. The existence of the letter-contract merely strengthens the district court's conclusions.

Finally, the district court properly granted summary judgment on the breach of implied covenant of good faith and fair dealing claim. As the court pointed out, covenant theory only requires that the employee receive the benefit of the bargain. We agree with the district court that Randall's bargain was for at-will employment. Moreover, we agree with the district court that the letter-contract was an integrated employment agreement. The personnel policies on which Randall relies did not alter his express employment contract. Accordingly, Randall received the benefit of the bargain. Randall raises a claim of negligent misrepresentation for the first time on appeal; we decline to consider it because no exceptional circumstances warrant doing so.[6]

In light of the foregoing, and the fact that the evidence Randall sought to introduce was not "previously unavailable," [7] we conclude that the district court also properly denied Randall's motion to alter or amend.

AFFIRMED.

5. *See Malmstrom v. Kaiser Aluminum & Chem. Corp.*, 187 Cal.App.3d 299, 309, 317–18, 231 Cal.Rptr. 820 (1986).

6. *See Bradley v. Harris Research, Inc.*, 275 F.3d 884, 891 (9th Cir.2001).

7. *See Zimmerman*, 255 F.3d at 740.